Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

JS-6

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 8869 | **DATE** | 10/5/2004 |
| **CASE TITLE** | Tyrone Reyna (B-55208) vs. Jerry Sternes | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____ .
(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____ .
(4) ☐ Ruling/Hearing on _____ set for _____ at _____ .
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .
(7) ☐ Trial[set for/re-set for] on _____ at _____ .
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____ .
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion, the respondent's motion to dismiss petitioner's petition for writ of habeas corpus is granted. All pending dates and motions are hereby stricken as moot. Terminating case. Enter Memorandum Opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | OCT 0 6 2004 | |
| | Notified counsel by telephone. | | date docketed | 16 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| MW | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA )
ex rel. TYRONE REYNA, )
 )
          Petitioner, )
 )
v. ) No. 03 C 8869
 )
JERRY L. STERNES, )
 )
          Defendant. )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Jerry L. Sternes' ("Respondent") motion to dismiss Tyrone Reyna's (Petitioner") petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2254. For the reasons stated below, we grant Respondent's motion to dismiss Petitioner's petition for writ of *habeas corpus*.

## BACKGROUND

On April 18, 1994, Petitioner pleaded guilty and was convicted of first-degree murder in the Circuit Court of Cook County ("trial court"). Petitioner was sentenced to 25 years imprisonment. Pursuant to ILCS S. Ct. Rule 606(b), Petitioner had the

right to file a notice of appeal of that conviction within 30 days of his conviction. However, Petitioner did not appeal his conviction or sentence, therefore his conviction became final on April 18, 1994. Pet.'s Resp. to Mot. to Dismiss at 1. Under Illinois law, Petitioner had the right to file a petition for post-conviction relief within three years of the date his conviction became final. 725 ILCS 5/122-1(c), *amended by* 2004 IL LEGIS P.A. 93-972 (West). On April 18, 1997, Petitioner filed a motion for a 60 day extension of time to file a petition for post-conviction relief in the trial court. Before the trial court ruled on Petitioner's motion, Petitioner filed another motion for a 60 day extension of time to file a petition for post-conviction relief. On July 7, 1997, the trial court granted Petitioner's motion and extended the deadline for the filing of Petitioner's petition for post-conviction relief to September 12, 1997.

On August 26, 1997, Petitioner filed a petition for post-conviction relief in the trial court. The trial court dismissed Petitioner's petition for post-conviction relief finding that it was untimely and that it lacked merit. Petitioner appealed the trial court's dismissal to the Appellate Court of Illinois. The Appellate Court of Illinois found that Petitioner's petition for post-conviction relief was timely when it was filed on August 26, 1997, but affirmed the trial court's judgment that Petitioner's petition for post-conviction relief lacked merit. Petitioner then filed a petition for leave to appeal to the Supreme Court of Illinois. On February 2, 2000, the Supreme Court of Illinois denied Petitioner's petition for leave to appeal.

On August 8, 2000, Petitioner filed a second petition for post-conviction relief in the trial court. The trial court dismissed Petitioner's second petition for post-conviction relief and Petitioner appealed the dismissal to the Appellate Court of Illinois. The Appellate Court of Illinois affirmed the trial court judgment and Petitioner then filed a petition for leave to appeal to the Supreme Court of Illinois. On December 5, 2002, the Supreme Court of Illinois denied Petitioner's petition for leave to appeal. On December 19, 2003, Petitioner filed a petition for writ of *habeas corpus* with this court.

## LEGAL STANDARD

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one year statute of limitations on the filing of a petition for writ of *habeas corpus*. 28 U.S.C. § 2244(d). 28 U.S.C. § 2244(d) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

3

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244.

## DISCUSSION

I. Statute of Limitations

A petitioner whose conviction became final prior to AEDPA's enactment on April 24, 1996, is given a one-year grace period from the date of AEDPA's enactment to file a petition for writ of *habeas corpus*. *Newell v. Hanks*, 283 F.3d 827, 832 (7th Cir. 2002). Additionally, the one-year AEDPA statute of limitations in 28 U.S.C. § 2244(d)(1) are tolled when a petitioner has a "properly filed" application for state post-conviction review pending in the state court. *See Smith v. Walls*, 276 F.3d 340, 343 (7th Cir. 2002)(citing *Rice v. Bowen* 264 F.3d 698, 700 (7th Cir. 2001). The determination of "whether a post-conviction petition is pending

for *habeas* purposes is governed by state law." *Wilson v. Battles*, 302 F.3d 745, 747 (7th Cir. 2002).

Petitioner's conviction became final on April 18, 1994. Because Petitioner's conviction became final prior to the enactment of the ADEPA, Petitioner fell within the one-year AEDPA grace period and had until April 24, 1997 to timely file a petition for *habeas corpus*. *Newell*, 283 F.3d at 832. Petitioner filed his petition for writ of *habeas corpus* with this court on December 19, 2003. Accordingly, Petitioner's petition for writ of *habeas corpus* would have been timely only if Petitioner had a "properly filed" application for state post-conviction review pending in the state court prior to April 24, 1997.

Petitioner admits that he first filed his petition for post-conviction relief with the trial court on August 26, 1997. Pet.'s Resp. to Mot. to Dismiss at 1. In addition, the Appellate Court of Illinois found that Petitioner first filed his petition for post-conviction relief on August 26, 1997. Resp't Ex. A at 2. As such, Petitioner filed his petition for post-conviction relief 125 days after the one-year AEDPA grace period expired on April 24, 1997. Therefore, we find that the time in which Petitioner had to file his petition for writ of *habeas corpus* was not tolled and that his petition for writ of *habeas corpus* filed on December 19, 2003, is untimely pursuant to 28 U.S.C. § 2244(d)(1).

## II. Equitable Tolling

Petitioner argues that he should be permitted to continue with his petition for writ of *habeas corpus* under the doctrine of equitable tolling. Specifically, in ground three of his petition for writ of *habeas corpus*, Petitioner alleges that his constitutional rights were violated when the trial court denied his motion to suppress statements he gave to the officers who arrested him. Pet. at 6, Ex. B at 2. Petitioner contends that in light of the new evidence he obtained he should be able to proceed with this claim.

"Equitable tolling is proper when extraordinary circumstances outside of the petitioner's control prevent timely filing of the *habeas* petition." *Gildon v. Bowen*, 2004 WL 2187583, at *3 (7th Cir. 2004)(citing *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.2000). 28 U.S.C. § 2244(d)(1)(D) will suspend the running of the one-year limitation for the filing of a petition for *habeas corpus* to "the [earliest] date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *Taliani v. Chrans* 189 F.3d 597, 598 (7th Cir.1999).

In his request for equitable tolling, Petitioner refers to a document that he states is newly discovered evidence entitled "Golston Files." According to Petitioner, the "Golston Files" purportedly contain evidence on the "corrupt Police and Detectives" that arrested him. Pet.'s Resp. to Mot. to Dismiss at 4. Petitioner appears to argue that he was unable to file his *habeas* claim on time because he did

6

not have the "Golston Files". *Id.* However, Petitioner did not need the "Golston Files" to file his *habeas* claim because he discovered the factual predicate of his *habeas* claim the day he was arrested. Evidence of this discovery is manifested in Petitioner's second petition for post-conviction relief in which he argued that he was subjected to psychological and physical abuse by the officers in extracting his confession. Pet. Ex. B at 31. Specifically, Petitioner stated:

> "Petitioner was arrested on Thursday, February 11, 1993, between 8:30 and 9:00a.m. by several CPD detectives. (R. A36-39). Even at this early opportunity, Petitioner was subjected to the brutality of the arresting detectives."

*Id.* Accordingly, Petitioner's argument that despite due diligence he was unable to file this *habeas* claim timely because he did not have the "Golston Files" is without merit. Therefore, we find that the application of the doctrine of equitable tolling is not proper in this case.

Petitioner also claims that he is "actually innocent" based on newly discovered evidence in the "Golston Files". Pet.'s Resp. to Mot. to Dismiss pp.'s 6-7. However, we have already determined that the discovery of the "Golston Files" did not affect or prevent Petitioner from filing his *habeas* claim on time. In addition, we note that neither the United States Supreme Court nor the Seventh Circuit Court of Appeals have "ever applied the actual innocence exception to overcome the failure to timely file under § 2244." *Gildon v. Bowen*, 2004 WL 2187583, at *4 (7th Cir. 2004).

## CONCLUSION

Based on the foregoing, we grant Respondent's motion to dismiss Petitioner's petition for writ of *habeas corpus*.

                                                                Samuel Der-Yeghiayan
                                                                United States District Court Judge

Dated: October 5, 2004