Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 8869 | **DATE** | 11/5/2004 |
| **CASE TITLE** | Tyrone Reyna (B-55208) vs. Sternes | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  For the reasons stated in the attached memorandum opinion, petitioner's application for a certificate of appealability is denied. Enter Memorandum Opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | NOV 5 - 2004 date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | | 20 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| MW | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>ex rel. TYRONE REYNA,<br><br>    Petitioner,<br><br>JERRY L. STERNES,<br><br>    Defendant. | No. 03 C 8869 |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Petitioner's request for a certificate of appealability pursuant to 28 U.S.C. § 2253(c). For the reasons stated below, we deny Petitioner's request for certificate of appealability.

## BACKGROUND

Petitioner filed a petition for writ of *habeas corpus* with this court and Respondent filed a motion to dismiss. On October 5, 2004, in a memorandum opinion, we found that Petitioner's petition for writ of *habeas corpus* was filed untimely and we granted Respondent's motion to dismiss. *U.S. ex rel. Reyna v. Sternes*, 2004 WL 2271809 (N.D. Ill. 2004). Petitioner now seeks a certificate of

1

appealability.

## LEGAL STANDARD

In order to appeal the denial of a petition for writ of *habeas corpus,* a petitioner must obtain a certificate of appealability. 28 U.S.C. § 2253(c); *Montgomery v. Davis,* 362 F.3d 956, 957 (7th Cir. 2004). A court should only issue a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must also show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDonnell,* 529 U.S. 473, 484 (2000)(quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 (1983)).

## DISCUSSION

I. Filing Date

Initially, we note that in our memorandum opinion granting Respondent's motion to dismiss, we stated that Petitioner filed his petition for writ of *habeas corpus* on December 19, 2003, the day that his $5.00 filing fee was paid. However, because Petitioner is a *pro se* prisoner, the Seventh Circuit has stated that for statute of limitations purposes, a petition for writ of *habeas corpus* "is deemed filed when

2

given to the proper prison authorities and not when received by the district court clerk." *Jones v. Bertrand*, 171 F.3d 499, 500-02 (7th Cir. 1999). Although Petitioner did not provide this court with any documentation as to the date he tendered to the prison authorities his petition for writ of *habeas corpus* for mailing, we note that the envelope in which Petitioner's petition for writ of *habeas corpus* was mailed reflects that it was mailed from the prison on December 5, 2003. Therefore, for statute of limitations purposes, Petitioner's petition for writ of *habeas corpus* will be considered filed on December 5, 2003, the day Petitioner's petition for writ of *habeas corpus* was mailed from the prison. Notwithstanding, we note that the December 5, 2003 filing date does not effect our earlier memorandum opinion inasmuch as Petitioner's petition for writ of *habeas corpus* was still filed approximately six years after the applicable statute of limitations had run.

## II. Certificate of Appealability

In his request for certificate of appealability, Petitioner argues that (1) the Illinois Courts denied him due process of law during his trial, appeal, and post-conviction appeal proceedings; (2) he was denied effective assistance of trial counsel; and (3) his petition for writ of *habeas corpus* was filed timely. Specifically, Petitioner argues that his petition for writ of *habeas corpus* was filed within the applicable statute of limitations because he filed a "timely Post-Conviction Petitioner[sic] which tolled the time to file his [petition for writ of

3

*habeas corpus*]." Application p.2. In our memorandum opinion granting Respondent's motion to dismiss, we did not address Petitioner's claims because we found that Petitioner did not file his petition for writ of *habeas corpus* within the applicable statute of limitations as prescribed in 28 U.S.C. § 2244(d)(1).

A. Statute of Limitations

As we previously noted in our memorandum opinion, a petitioner whose conviction became final prior to the enactment of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") on April 24, 1996, is given a one-year grace period from the date of AEDPA's enactment to file a petition for writ of *habeas corpus*. *Newell v. Hanks*, 283 F.3d 827, 832 (7th Cir. 2002). The one-year AEDPA statute of limitations in 28 U.S.C. § 2244(d)(1) are tolled when a petitioner has a "properly filed" application for state post-conviction review pending in the state court. *See Smith v. Walls*, 276 F.3d 340, 343 (7th Cir. 2002)(citing 28 U.S.C. § 2244(d)(2); *Rice v. Bowen* 264 F.3d 698, 700 (7th Cir. 2001)). The determination of "whether a post-conviction petition is pending for *habeas* purposes is governed by state law." *Wilson v. Battles*, 302 F.3d 745, 747 (7th Cir. 2002).

Petitioner's conviction became final on April 18, 1994. Because Petitioner's conviction became final prior to the enactment of AEDPA, Petitioner's case fell within the one-year AEDPA grace period and Petitioner had until April 24, 1997 to timely file a petition for *habeas corpus*. *Newell*, 283 F.3d at 832. Accordingly, the one year grace period would have tolled the time period for the filing of Petitioner's

petition for writ of *habeas corpus* if Petitioner had a "properly filed" application for state post-conviction review pending in the state court prior to April 24, 1997. However, we found that Petitioner did not have a "properly filed" application for state post conviction review pending in the state court prior to April 24, 1997 inasmuch as Petitioner admitted that he first filed his petition for post-conviction relief with the trial court on August 26, 1997. Pet.'s Resp. to Mot. to Dismiss at 1. In addition, we noted that the Appellate Court of Illinois found that Petitioner first filed his petition for post-conviction relief on August 26, 1997. Resp't Ex. A at 2. Because Petitioner filed his petition for post-conviction relief after the one-year AEDPA grace period expired on April 24, 1997, the time in which Petitioner had to file a petition for writ of *habeas corpus* was not tolled. Therefore, we found that Petitioner's petition for writ of *habeas corpus* filed in December of 2003 was untimely pursuant to 28 U.S.C. § 2244(d)(1).

Based on our previous memorandum opinion, we find that Petitioner's request for certificate of appealability and his argument that his petition for writ of *habeas corpus* was timely filed is without merit. Further, we note that Petitioner has failed to prove that reasonable jurists could agree or debate that Petitioner's petition for writ of *habeas corpus* should be granted, nor has Petitioner presented any arguments that would indicate that the issues presented in his petition for writ of *habeas corpus* deserve "encouragement to proceed further." *Slack*, 529 U.S. at 484. Therefore, we deny Petitioner's request for certificate of appealability.

## CONCLUSION

Based on the foregoing, we deny Petitioner's request for certificate of appealability.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: November 5, 2004